UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. BONTEMPS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. LAWAYA,<br><br>　　　　　Defendant. | No. 2:16-cv-2424 CKD P<br><br><br>ORDER |

Plaintiff is a California prisoner proceeding pro se. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this case before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

Plaintiff requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. However, on January 14, 2014 in 2:12-cv-2250 WBS AC P, plaintiff was deemed to have "struck out" pursuant to 28 U.S.C. § 1915(g).[1] Judgment was final in that case well before this case was

---

[1] Title 28 U.S.C. § 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

filed.  Furthermore, after 2:12-cv-2250 WBS AC P was commenced on August 30, 2012 and before this action was commenced on October 11, 2016, plaintiff had at least four other cases dismissed for failure to state a claim upon which relief can be granted,[2] and therefore those cases count as "strikes" as well.

Since plaintiff has struck out, he may only be granted leave to proceed in forma pauperis if the allegations in his complaint suggest he is "under imminent danger of serious physical injury."  Id.  There are no such allegations in plaintiff's complaint.  Plaintiff seeks damages for past injuries, not injunctive relief based upon current danger.

In light of these facts, plaintiff's motion to proceed in forma pauperis must be denied.  Plaintiff will be granted 14 days within which to submit the $400 filing fee for this action.  If plaintiff does not submit the filing fee within 14 days, this action will be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is denied.

2.  Plaintiff must pay the $400 filing fee for this action within 14 days.  Failure to pay the filing fee within 14 days will result in dismissal

Dated:  April 10, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/md
bont2424.3ks

---

[2]  See 2:12-cv-0771 KJN P; 2:12-cv-2406 EFB P; 2:12-cv-3053 JAM EFM P (dismissed because the pleadings demonstrated plaintiff failed to exhaust administrative remedies prior to filing suit which amounts to a dismissal for failure to state a claim upon which relief can be granted, see Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014)); 2:13-cv-00614 EFB P.